UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDI MARIE HAMELINCK,

                Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

21-CV-5619 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this *pro se* action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the Commissioner of Social Security's decision as to Plaintiff's application for Social Security benefits. For the following reasons, the Court transfers this action to the United States District Court for the Western District of New York.

      An action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) may be brought only in:

> the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g); *see* § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under [§ 1383(c)(1)] shall be subject to judicial review as provided in section 405(g).").

      Plaintiff alleges that she resides in Phelps, Ontario County, New York, which is in the Western District of New York. *See* 28 U.S.C. § 112(d). Because Plaintiff's residence is not in this district, and Plaintiff makes no allegation about a principal place of business, venue is not proper in this Court under §§ 405(g) or 1383(c)(3).

Accordingly, venue lies in the United States District Court for the Western District of New York, *see* 42 U.S.C. §§ 405(g) and 1383(c)(3), and the action is transferred to that court under 28 U.S.C. § 1406(a).

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

Plaintiff consents to electronic service.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 30, 2021
         New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge